# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6666 | **DATE** | 12/14/10 |
| **CASE TITLE** | Ronald Harris (R-58741) vs. Thomas J. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint [1] is dismissed without prejudice pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Plaintiff may file an amended complaint that is limited to a single, core claim. Plaintiff is granted thirty days from the entry of this order to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint may result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff Ronald Harris, presently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 raising various challenges to his treatment while at a detainee at the Cook County Jail. (Dkt. No. 1). He has paid the $350 filing fee. (Dkt. No. 5). Pending before the Court is an initial review of the complaint pursuant to 28 U.S.C. § 1915A. The complaint is dismissed pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Plaintiff may file an amended complaint that is limited to a single, core claim.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Plaintiff alleges a number of unrelated claims regarding his treatment at the Cook County Jail. These include: (1) issuance of a dirty and soiled uniform and mattress resulting in a rash; (2) placement on a top bunk resulting in his injury while trying to get down from the bunk; (3) being a victim of correctional officer facilitated assaults carried out by other detainees because plaintiff was charged in a sex case; (4) improper searches of his cell resulting in improper destruction of his legal papers and personal items; (5) failure to properly fund and staff the jail; and (6) failure to provide appropriate medical care. (Dkt. No. 1). Plaintiff names Cook County, Cermak Health Services, Sheriff Dart, Jail Director Godinez, and several correctional officers and jail supervisors as defendants.

    Plaintiff's complaint is unacceptable. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint be a "short and plain statement." Furthermore, plaintiff may not combine claims and defendants in this fashion under *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). *George* examined a similar prisoner complaint containing a laundry list of grievances. The Court admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, the plaintiff has submitted an equally expansive complaint challenging virtually every aspect of his confinement at the jail.

| STATEMENT |
|---|

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiff's sprawling complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

Thus, pursuant to *George*, plaintiff's complaint is dismissed without prejudice. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

The plaintiff is granted thirty days from the entry of this order to submit an amended complaint on the Court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff is warned that failure to file an amended complaint within 30 days may result in the dismissal of this action without any refund of his filing fee.

In summary, Plaintiff's complaint [1] is dismissed without prejudice pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Plaintiff may file an amended complaint that is limited to a single, core claim. Plaintiff is granted thirty days from the entry of this order to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint may result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.