# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6666 | **DATE** | 1-20-11 |
| **CASE TITLE** | Ronald Harris (R58741) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint. Defendants M. Martinez, John Mueller, Lieutenant Blunt and Cermak Health Services are dismissed without prejudice pursuant to Fed. R. Civ. P. 15(a). Plaintiff may proceed with his claims against these defendants in a separate action. Pursuant to Fed. R. Civ. P. 4(c)(3), the Court orders the United States Marshal to effectuate service. Service by the Marshal is necessary because plaintiff is incarcerated and proceeding *pro se*. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Ronald Harris has filed suit pursuant to 42 U.S.C. § 1983 regarding his detention as an inmate at the Cook County Jail. On December 14, 2010, this Court dismissed the complaint without prejudice pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and instructed plaintiff to file an amended complaint that was limited to a single, core claim. Pending before the Court is plaintiff's amended complaint for an initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff's amended complaint (Dkt. No. 9), alleges that the defendants Cook County Sheriff Thomas J. Dart, Executive Director of the Cook County Jail Salvador Godinez, Cook County Correctional Officer Captain Chester Plexico, and Correctional Officer Martieri failed to protect plaintiff from violence by other inmates while he was detained at the Cook County Jail. Plaintiff names the defendants in both their individual and official capacity. He also names Cook County as a defendant. He alleges that the defendants knowingly placed him in a dangerous situation, and with regard to one defendant, allegedly helped to facilitate the violence against him. He also alleges that this violence is part of a policy or custom of violence occurring at the Cook County Jail and that the supervisory defendants have knowingly turned a blind eye ignoring the violence. Plaintiff has set forth plausible claims against all defendants requiring them to answer or otherwise respond to the complaint. *See Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010) (noting that a supervisor may be individually liable for facilitating, approving, condoning or turning a blind eye to a constitutional violation); *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2010) (setting forth the standard for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (setting forth requirements for failure to protect claim); *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (noting in dicta that the Cook County Jail is "huge," "unruly" and "dangerous"); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (recognizing that the Constitution requires correctional officials to take reasonable measures to guarantee inmate safety).

## STATEMENT

Defendants M. Martinez, John Mueller, Lieutenant Blunt and Cermak Health Services were named as defendants in plaintiff's original complaint but are not named in the present complaint. This is due to the fact that plaintiff was required to bring a single, core claim in this complaint under *George* and these other defendants are not involved in the claim at issue in this complaint. These defendants are dismissed without prejudice pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff may proceed with his claims against these defendants in a separate action.

Plaintiff previously paid the filing fee. Thus, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the Court orders the United States Marshal to effect service in this action. Service by the Marshal is necessary in this particular action because Plaintiff is incarcerated and proceeding *pro se*. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

In summary, Plaintiff may proceed with his amended complaint. Defendants M. Martinez, John Mueller, Lieutenant Blunt and Cermak Health Services are dismissed without prejudice pursuant to Rule 15(a). Plaintiff may proceed with his claims against these defendants in a separate action. Pursuant to Rule 4(c)(3), the Court orders the United States Marshal to effectuate service. Service by the Marshal is necessary because plaintiff is incarcerated and proceeding *pro se*. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.