FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 1 3 2011
JUN 13 2011
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Ronald Harris,             ]
      Plaintiff,           ]
                           ]
    v.                     ]     Case no. 10 C6666
                           ]
Thomas J. Dart, et al.,    ]     Judge: John W. Darrah
                           ]     Magistate Judge: Morton
      Defendants.          ]     Denlow
                           ]

Memorandum of Law In Support of
Plaintiff's Motion for the Appointment
of Counsel

### Statement of the case:

The complaint in this civil rights action - was - filed under 42 U.S.C. § 1983 by the above named Plaintiff seeking damages as to all claims, and injunctive relief.

### Statement of Facts:

The complaint alleges that the defendants Cook County Sheriff Thomas J. Dart, Executive Director of the Cook County Jail, Salvador Godinez, Cook County Corectional Officer Captain Chester Plexico, and Correctional Officer Martieri failed to protect him from violence by other inmates while he was detained at the Cook County Jail, not limited to knowingly placing him in a dangerous situation, and with regard to one defendant, helped to facilitate the violence against him. Plaintiff also alleges that this violence is part of a policy or custom of violence occurring at the Cook County Jail and that the supervisory defendants knowingly turned a bling eye ignoring the violence.

### Argument
The Court should Appoint Counsel for the Plaintiff.

In deciding whether to appoint counsel for an indigent litigent, the court should consider "the facual complexity of the case, the ability of the indigent to investigate the facts, the, the existance of conflicting testimony, the ability of the indigent to present his claim(s) and the complexity of the legal issues." **Abdullah v. Gunter**, 949 f.2d 1032, 1035 (8th Cir. 1991)(citation omitted), cert. denied, 112 S.Ct 1995 (1992). In addtion, courts have suggested that the most important factor is whether the case appears to have merit, **Cooper v. A. Sargenti Co., In.**, 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. **Factual complexity:** The Plaintiff alleges that at least one of the defendants motivated, provoked and stood by and watched the Plaintiff being attacked during one of the assaults, the Plaintiff also asserts that certain jail supervisors were on notice of the violent propensities of this officer and the inmates/mentally ill that was housed in division 10 4-A, and did nothing about these conditions and or issues. The Plaintiff also challenge the denial of medical care after the incidents by at least one of the defendants. The sheer number of claims and defendants makes this a factually complex case.

In addition, one of thePlaintiff's claims involves the denial of medical-care; it will probably be necessary to present medical expert witness or to cross-exaime medical witnesses called by the defendants, or both. The precence of medical or other issues requiring expert testimony support the appointment of counsel. **Moore v. Mabus**, 976 F.2d 268, 272 (5th Cir. 1992); **Jackson v. County of McLean**, 953 F.2d 1070, 1073 (7th Cir. 1992); **Tucker v. Randall**, 948 F.2d 388, 392 (7th Cir. 1991).

2. **Plaintiff's ability to investigate:** The Plaintiff is in Protective Custody, and environment akin to segregation, and has no ability to investigate the facts, for example, he is unable to identify, locate and interview the inmates who were housed in division 10 on 4-A, of the Cook County Jail in nearby cells, and who saw some or all of the attacks, not limited to the Plaintiff being transferred to the Illinois Dept. Of Corrections from the Cook County Jail, where the events took place, a factor that several court have cited in appointment of counsel. **Tucker v. Randall**, 946 F.2d 388, 391-92 (7th Cir. 1991); **Gatson v. Coughlin**, 679 F. Supp. 270, 278 (W.D.N.Y. 1988). In addition, this case will require considerable discovery concerning among other things, the history of the officers with prior

records of any misuse of other inamtes akin to the Plaintiff, and the Plaintiff's mediacl history. See **Tucker v. Dickey, 613 F. Supp. 1124 1133-34 (W.D. Wis. 1985)**(need for discovery supported appointment of counsel).

3. **Conflicting testimony:** Upon information and belief, the aspect of the case will be a credibility constest between the defendants and the Plaintiff.
(and such inmates witnesses as can be located)
The existence of these credibility issues supports the appointment of counsel. **Gasten v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).**

4. **The ability of the indigent to present his claims:** The Plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. **Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)** In addition, his is in Protective Custody, with very limited access to legal material. **Rays v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)**(citing lack of ready access to a law library as a factor supporting the appointment of counsel).

5. **Legal Complexity:** The large number of defendants, some of whom are supervisory officails, present complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to beheld liable.
In addtion, the Plaintiff has ask for a jury trial, which require much greater legal skill(s) than the Plaintiff has or can develop. see **Adbullah v. Gunter, 949 F.2d 1032, 1036 (th Cir. 1991)(citing jury demand as a factor supporting appointment of counsel)**, cert. denied, **112 S.Ct. 1995 (1992).**

6. **Merits of the case:** The Plaintiff's allegations, if proven, clearly would establish a constitutional violation(s). The unprovoked and injurious beatings, the denial of medical care, and conditions of confinement alleged in the Plaintiff's conplaint clearly states a Due Process violation(s). In addtion, the allegation of denial of medical care amount to "intentionally interferring with the treatment once prescribed", which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to medical needs. **Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976)** on its face, then this is a meritorious case.

### In Conclusion

**WHEREFORE,** for the foregoing reasons, the Court should grant the Plaintiff's motion and appoint counsel in this case.

Dated: ~~September 2011~~ June 7, 2011

/s/ Ronald Harris
Ronald Harris
Reg:R58741
Pontiac Correctional Center
700 W. Lincoln St. Box 99
Pontiac, IL 61764
Plaintiff pro-se.